IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**PETER BOGGAN**                                                                             **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:05CV553LN**

**MISSISSIPPI CONFERENCE OF THE**
**UNITED METHODIST CHURCH**                                          **DEFENDANT**

## ORDER

This matter came before the court on the Plaintiff's "Notice of Admission by Party Opponent." This case is based on an allegation by the Plaintiff of discrimination under Title VII of the Civil Rights Act of 1964. A primary dispute in this matter is whether the Defendant may claim the "ministerial exception" to application of the Act. On December 1, 2005, counsel for the Defendant sent a letter to counsel for the Plaintiff that contains the statement, "Based upon our review of applicable authority, it seems evidence that the ministerial exception does not apply in the instant matter." The Plaintiff asks that this be deemed an "admission" pursuant to Fed. R. Evid. 801(d)(2) and that the Defendant "be directed to abandon any arguments to the contrary."

The Defendant opposes the Motion, arguing that the inclusion of the word "not" in the statement quoted above was a typographical error and that the remainder of the letter demonstrates that counsel was arguing that the ministerial exception **did** apply. The court has reviewed the letter in question, and it is clear that the Defendant's position is supported by the text of the letter. Moreover, Rule 801(d)(2) only provides an exception to the hearsay rule. It has nothing to do with the presentation of evidence on the merits. The only admissions that are "conclusively established" for purposes of litigation are those made in the context of a Request for Admission, pursuant to Fed. R. Civ. P. 36.

It has long been the law that even a formal stipulation, entered into after review and deliberation by the parties, may be repudiated if is based on a misapprehension of the facts, or if further development of the issues shows it to be false.  *Carnegie Steel Co. v. Cambria Iron Co.*, 185 U.S. 403 (1902); *Russell-Miller Milling Co. v. Todd*, 198 F.2d 166 (5th Cir. 1952).  Surely, an inadvertent typographical error made in correspondence between the parties is a mistake of much less gravity, and the party making such an error deserves no less protection.  For all of these reasons, the Motion will be denied.

IT IS, THEREFORE, ORDERED, that the Plaintiff's "Notice of Admission by a Party Opponent" is hereby **denied** to the extent that it seeks a prohibition against the development of the ministerial exception as a defense to this matter.

IT IS SO ORDERED, this the 29th day of December, 2005.

                                                S/Alfred G. Nicols, Jr.
                                        UNITED STATES MAGISTRATE JUDGE